[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on October 2, 1975 in Fairfield, Connecticut. There are two children issue of the marriage, David H. Banks born January 29, 1981, and Christopher Banks born July 14, 1983.
The parties have agreed that they shall have joint custody of the minor children with physical residence with the plaintiff who shall have responsibility for all daily decision CT Page 32 making concerning the children and who shall consult with the defendant with respect to all major decisions affecting the children concerning their health, education and religious matters. (See stipulation dated November 16, 1993, on file and approved by the court.)
The marriage has had a history of argument and violence, the violence by the defendant against the plaintiff included attempting to strangle her on one occasion so that she was unable to eat solid food thereafter for a period, on another occasion striking her, knocking her down and kicking her when she was pregnant and on still another, hitting her with such violence that her head became swollen. The defendant admitted the violent conduct for a period of some four or five years. While he said it ended in 1984, there was evidence that there was also at least another episode in 1988.
The plaintiff failed to make any complaints to the police out of embarrassment, but her attitude towards her husband was changed as a result so that at times she did not wish to be near him and was actually afraid of him. The result was, despite counseling, the only agreement they could arrive at was to separate on a trial basis and try to date each other. However, the defendant proceeded to move in with another woman and did not give his wife his telephone number or address. While he said she could contact him at the office or through his mother, this was not the kind of approach plaintiff wished to make or did make.
In any event, the trial separation was obviously a failure, resulting in the plaintiff bringing this action for divorce and the defendant continuing to live away from the marital home. The children have lived in the marital home with the plaintiff and there has been visitation arranged by the parties and child support ordered by the court through a pendente lite order.
The plaintiff continues to reside in the marital home with the children while the defendant now lives in a house belonging to his mother on property of his father's estate in Greenfield Hills, Fairfield. He pays $500.00 a month for renting the house which had previously rented for almost twice that amount.
The defendant's father died in 1991 and left one fourth of his estate to the defendant. The estate has been appraised at over a million dollars with the defendant's share estimated at $268,000.00 plus $80,000.00 in personalty or a total of CT Page 33 $345,000.00. The defendant is also acting as administrator of the estate, serving without pay.
The defendant is a claims manager for an insurance company and grosses $961.53 a week. For purposes of estimating child support the figures for which were not given by either counsel, the court is accepting the figures on the parties' financial affidavits as true. The plaintiff works for the law firm of Cummings Lockwood in Stamford as a specialist in pensions, 401K's, health benefits and the like. She grosses $971.62 a week. She works from 9:30 a.m. to 4:45 p.m. in Stamford, where she has been working full time since 1988.
After the birth of the first child, the plaintiff worked a day and a half a week on a consulting basis. Before the birth of her son, she had worked full time. After the birth of her second son, she remained home for two years to care for both boys. She then returned to work full time in 1988 — she said she needed the money and she also needed to improve her self-esteem which had been affected adversely by her husband's treatment.
The assets of the parties consist of:
1. The marital home in Stratford valued at $200,000.00 by the defendant less a mortgage of $30,353.00 and at $180,000.00 by the plaintiff less a mortgage of $30,220.00.
2. Retirement and profit sharing plans of both parties totalling $31,129.
3. Cash value on life insurance policies on both parties amounting to $6,000.00.
4. The furnishings of the marital home estimated at $750.00 by the defendant and $3,000.00 by the plaintiff.
5. The defendant also has the one-fourth interest in the estate of his deceased father which amounts to $345,000.00.
6. Each of the parties had savings as follows: the plaintiff had $19,200.00 and the defendant had $3,975.00.
While the defendant feels his anticipated share in his father's estate, the death occurred in 1991, should not be considered in the distribution of the parties' assets, the court CT Page 34 disagrees. His interest is vested and awaiting only distribution, and he is administrator of the estate serving without pay.
As far as responsibility for the breakdown of the marriage is concerned, the evidence appears to substantiate the plaintiff's claim that the defendant's violence was the primary reason for the breakdown. She does admit that her part may very well have been her inability to respond positively to her husband after the violent episodes, to the extent that she was afraid to be near him at any time and had lost trust in him. However, that kind of reaction would appear to be understandable and would reinforce the conclusion which the court has reached that the defendant is primarily responsible for the breakdown of the marriage.
Taking the figures given by the parties in their financial affidavits as correct, the total net income of both parties is $1,147.00. The defendant's percentage of that is 45 per cent. The guidelines indicate that for two children, ages 12 to 17, the child support order should be $460.00. Forty-five per cent of that is $207.00 so that the support order should be $207.00 unless they come up with a different figure in there when they send in their guidelines.
On the basis of the above discussion of the facts and after consideration of the factors set forth in 46b-81 and 46b-82
of the General Statutes, the court makes the following findings and orders:
1. The parties were married in 1975 in Fairfield, Connecticut.
2. There are two minor children issue of this marriage, David born January 29th, 1981 and Christopher born July 14th, 1983.
3. The marriage has broken down irretrievably with no hope of reconciliation, and it is hereby dissolved.
4. The defendant is primarily responsible for the breakdown of the marriage.
5. In accordance with the stipulation entered into by the parties, they shall have joint custody of the two children with primary residence with the plaintiff who shall be responsible for all of the daily decisions concerning the children and shall consult with the defendant in all major decisions affecting them concerning their health, education CT Page 35 and religious matters. The defendant shall also have reasonable visitation rights subject to reasonable notice.
6. The defendant shall pay $207.00 a week as child support in accordance with the guidelines.
7. The defendant shall pay $1.00 a year alimony to the plaintiff until she dies, cohabits or remarries.
8. The defendant shall convey to the plaintiff all his right, title and interest in the marital home and shall assume the payment of the mortgage, held by his father's estate of which he is both beneficiary and administrator, and hold the plaintiff harmless with respect to this obligation.
9. The defendant shall pay the plaintiff $10,000.00 as a lump sum property settlement.
10. The parties' retirement and profit sharing plans shall be shared equally, and the plaintiff's counsel shall prepare a QDRO to effectuate this order.
11. The wife shall, for as long as it is available to her through her employment, maintain the health insurance for the minor children. All uninsured medical, dental, including orthodontia expenses, and ophthalmological expenses incurred on behalf of the children shall be split equally by the parties. The parties shall specifically continue to be equally responsible for the orthodonture contracts for the children.
12. The defendant shall maintain the existing individual and group life insurances for the benefit of the children for as long as he has the child support obligation. Should the husband fail to comply with these provisions, his obligation shall survive his death and the amount due the children shall be a charge upon his estate.
 In the event the husband shall fail to pay any of said life insurance premiums, the wife shall have the option to pay such premiums and the defendant shall be indebted to the wife in the amount of the sum so paid by the wife and shall reimburse her in the amount so paid on or before the first day of the first month following any such payment made by the wife. CT Page 36
 The husband shall, at all times, provide satisfactory evidence to the wife showing his compliance with the provisions under this paragraph and shall cause each of the insurance companies to notify the wife in the event of a premium default or any request for a beneficiary change or in the event of any request for a loan against that insurance.
13. All personal property shall be divided as follows:
 (a) the husband shall, within 30 days of the date hereof, remove his remaining clothing and books from the marital residence along with any other items the parties mutually agree shall be removed;
 (b) each party shall be entitled to the automobile presently being driven by that party;
(c) each party shall retain her or his own savings.
14. The husband shall indemnify and hold harmless the wife with respect to any previously filed joint tax returns except for any undisclosed income of the wife for which she shall be responsible.
15. Each shall be responsible for the debts each has listed on his or her own financial affidavit.
16. Each party shall be responsible for his or her own attorney's fees.
16. A wage execution shall issue.
MARGARET C. DRISCOLL STATE TRIAL REFEREE CT Page 37